UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD BRUNO,

                Petitioner,

                              DECISION AND ORDER
      v.                                  05-CV-0712A
                                            04-CR-077A

UNITED STATES OF AMERICA,

                Respondent.

---

## INTRODUCTION

Currently before the Court is the motion of petitioner Richard Bruno to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons stated, the motion is denied.

## BACKGROUND

On April 24, 2004, petitioner waived indictment and pled guilty to a one-count information charging him with possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 2. On December 6, 2004, he was sentenced principally to a term of imprisonment of 121 months. He did not appeal.

On October 7, 2005, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. On November 23, 2005,

the government filed a response opposing petitioner's motion. Petitioner filed a reply on December 5, 2005.

## **DISCUSSION**

Petitioner asserts three grounds for relief in his § 2255 motion: (1) that his due process rights were violated because the Court did not determine the weight of the drugs beyond a reasonable doubt; (2) that he received ineffective assistance of counsel because counsel failed to inform him that he could challenge the amount of the drugs; and (3) that contrary to the United States Supreme Court's decision in <u>United States v. Booker</u>, 542 U.S. 220 (2005), this Court impermissibly increased his sentence based on factors determined only by the Court in violation of his Sixth Amendment rights. The Court finds that petitioner's claims of error are procedurally barred.

In ¶ 13 of petitioner's plea agreement, the parties agreed that petitioner's sentencing range under the United States Sentencing Guidelines would be 121 to 151 months. In ¶ 21 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence imposed by the Court that fell within that 121 to 151 month range. As stated above, petitioner was sentenced to 121 months. Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack his sentence precludes any subsequent challenge

to his sentence.  See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

Petitioner does not allege that his waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary.  The Court has reviewed the transcript of petitioner's plea proceedings and finds that the requirements of Rule 11 of the Federal Rules of Criminal Procedure were scrupulously followed and that petitioner's waiver was knowing and voluntary.  In particular, the Court notes that petitioner was expressly asked whether he understood that he was waiving his right to appeal or collaterally attack his plea and petitioner indicated that he understood.  See Plea Transcript at 38-40.

To allow petitioner to collaterally attack his plea under § 2255 at this point would be to countenance an obvious circumvention of the plea agreement in which petitioner bargained away his right to appeal or collaterally attack his sentence.  This the Court will not do.  As the Second Circuit has stated, "[t]he government, [the] court, the public, *and* criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed." Pipitone, 67 F.3d at 39 (citations omitted) (emphasis in original).  "[T]he waiver provision is a very important part of the [plea] agreement–the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

3

Where, as here, petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence, he cannot circumvent this waiver by couching his claims in terms of "ineffective assistance."  See  United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); Djelevic, 161 F.3d at 107.  To permit petitioner to raise his  ineffective assistance claims under the circumstances present here would render the waiver of appeal provision meaningless.  See Djelevic, 161 F.3d at 107.

With regard to petitioner's Booker arguments, the Second Circuit has held that a valid appeal waiver provision in a plea agreement precludes any subsequent challenge on the basis of Booker.  United States v. Haynes, 412 F.3d 37, 38-39 (2d Cir. 2005).

In addition, the Second Circuit has expressly held that Booker is not to be applied retroactively to cases on collateral review.  See Guzman v. United States, 404 F.3d 139 (2d Cir. 2005).

In any event, petitioner's claims lack substantive merit.  Petitioner's argument regarding the weight of the drugs fails to cite any basis for claiming that the amount of drugs he agreed to in the plea agreement was incorrect.  In addition, petitioner's argument fails to take into account the marijuana he also admitted to possessing at the time of his arrest.

**<u>CONCLUSION</u>**

For the reasons stated, petitioner's § 2255 motion is denied. The Clerk of Court is hereby ordered to enter judgment in favor of the respondent and take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 16, 2006